```
2
```

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| In Re:<br>　Matthew William Vickers<br>　Ariana Kathleen Vickers<br><br>AKA:<br>DBA:ROCKLIN COIN SHOP/<br><br>　　　　　　　　　　　　　Debtor(s) | Case No: 13-35754-E-13C<br>DC NO: DPC-2<br><br>NOTICE OF DEFAULT AND<br>APPLICATION TO DISMISS<br><br>DATE: NONE REQUESTED |
|---|---|

CHAPTER 13 TRUSTEE David P. Cusick makes this application to the Court to dismiss this case because:

> **Debtor has failed to make all payments due under the plan. As of December 15, 2014, payments are delinquent in the amount of $6,200.00. An additional payment of $6,200.00 will become due on December 25, 2014. Therefore, a total amount of $12,400.00 will be due within 30 days from the date of the service of this notice.**

**NOTICE IS HEREBY GIVEN** that Local Bankruptcy Rule 3015-1(g) provides that, "if the debtor fails to make a payment pursuant to a confirmed plan, including a direct payment to a creditor, the Trustee may mail to the debtor and the debtor's attorney written notice of the default." **THIS CASE WILL BE DISMISSED** unless the debtor does one of the following:

(1) If the debtor believes that the default noticed by the Trustee does not exist, the debtor shall set a hearing within twenty-eight (28) days of the mailing of the notice of default and give at least

fourteen (14) days' notice of the hearing to the Trustee pursuant to LBR 9014-1(f)(2). At the hearing, if the Trustee demonstrates that the debtor has failed to make a payment required by the confirmed plan, and the debtor fails to rebut the Trustee's evidence, the case shall be dismissed at the hearing.

(2) Alternatively, the debtor may acknowledge that the plan payment(s) has(have) not been made and, within thirty (30) days of the mailing of the notice of default, either (A) make the delinquent plan payment(s) in the amount of $12,400.00 or (B) file a modified plan and a motion to confirm the modified plan. If the debtor's financial condition has materially changed, a declaration (which may be in the format of Schedules I and J) shall be filed and served with the motion to modify the chapter 13 plan.

**NOTICE IS FURTHER GIVEN** that if the debtor fails to set a hearing on the Trustee's notice, or cure the default by payment, or file a proposed modified chapter 13 plan and motion, or perform the modified chapter 13 plan pending its approval, or obtain approval of the modified chapter 13 plan, all within the time constraints set out above, the case shall be dismissed without a hearing on the Trustee's application.

**YOU SHOULD CONSULT WITH YOUR ATTORNEY IF YOU HAVE ONE.**

The Trustee has received the following payments in your case:

| Amount | Date | Source | Amount | Date | Source |
|---|---|---|---|---|---|
| $ 6,200.00 | Jan 27, 2014 | CC #00773 | $ 6,200.00 | Mar 03, 2014 | CC #01052 |
| $ 6,200.00 | Mar 27, 2014 | CC #01079 | $ 6,200.00 | Apr 25, 2014 | CC #00911 |
| $ 6,200.00 | May 28, 2014 | CC #00968 | $ 6,200.00 | Jul 02, 2014 | CC #01034 |
| $ 6,200.00 | Jul 28, 2014 | CC #01059 | $ 6,200.00 | Sep 23, 2014 | # |
| $ 6,200.00 | Nov 18, 2014 | # | $ 6,200.00 | Nov 20, 2014 | # |

DATED: December 16, 2014

David P. Cusick, Chapter 13 Trustee