# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Matthew William Vickers and Ariana Kathleen Vickers | **Case No :** | 13–35754 – E – 13C |
| | | **Date :** | 11/16/2016 |
| | | **Time :** | 10:00 |
| **Matter :** | [119] – Motion/Application to Dismiss Case [DPC–5] Filed by Trustee David Cusick (smis) | | |
| **Judge :** | Ronald H. Sargis | **Courtroom Deputy :** | Janet Larson |
| **Department :** | E | **Reporter :** | Diamond Reporters |

**APPEARANCES for :**
**Movant(s) :**
　　　　Talvinder Bambhra (for the Trustee)
**Respondent(s) :**
(by phone)　Debtor(s) Attorney – W. Steven Shumway

HEARING CONTINUED TO: 1/18/17 at 10:00 AM

Local Rule 9014–1(f)(1) MotionNo Opposition Filed.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtors Attorney, and Office of the United States Trustee on October 18, 2016. By the courts calculation, 29 days notice was provided. 28 days notice is required.

The Motion to Dismiss has been set for hearing on the notice required by Local Bankruptcy Rule 9014–1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen (14) days prior to the hearing as required by Local Bankruptcy Rule 9014–1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a partys failure to file opposition as consent to grant a motion). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Law Offices of David A. Boone v. Derham–Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Therefore, the defaults of the respondent and other parties in interest are entered. Upon review of the record, there are no disputed material factual issues, and the matter will be resolved without oral argument. The court will issue its ruling from the parties pleadings.

The Motion to Dismiss is continued to 10:00 a.m. on January 18, 2017.

The Trustee seeks dismissal of the case on the basis that the Debtor is $13,750.00 delinquent in plan payments (with another $6,880.00 coming due before the hearing), which represents multiple months of the $6,880.00 plan payment. Failure to make plan payments is unreasonable delay that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1).

The Trustee agreed to continue the case, which is three years old, to allow Debtor and counsel to try and resolve the plan issues.